## FLAGG and others *vs.* MUNGER and others.

A reference to take testimony, in a suit in equity at issue upon the pleadings, cannot be directed, under the provisions of the act " to facilitate the determination of existing suits," &c. passed April 12, 1848, without the consent of the parties.

The 3d subdivision of the 4th section of that act was intended to provide for references in cases where questions of fact should arise upon collateral matters in the cause, in any stage of it, and not to those questions, or issues of fact, which are made by the pleadings.

Issues arising out of the pleadings, in equity suits, are to be tried, and the testimony taken, in open court, in like manner as in cases at law, unless referred by consent of parties.

What matters may be referred by the court, without the consent of parties, under the supplement to the code of procedure.

IN EQUITY.    Motion for an order appointing Samuel P. Lyman, Esq. or some other suitable person in the city of New-York, a referee to take the testimony of Thaddeus Spencer and Jared Stebbins, and any other witnesses that may be offered in the suit, &c.  The affidavit upon which the motion was founded showed that the cause was at issue upon the answers of several

VOL. III.            2

Flagg v. Munger.

of the defendants and replications filed thereto, and that by an order of the court it was to be tried in Monroe county. That by a stipulation between the parties, testimony on the part of several of the defendants had been taken before Enos Pomeroy, Esq. of Rochester, and the same was not yet closed, and several of the defendants had additional testimony to take, and the cause had not been noticed for hearing at this term. That Spencer and Stebbins, of the city of New-York, were material witnesses for the plaintiff. That to procure their attendance at Rochester, as witnesses, would require an expenditure of more than $60 for witnesses' fees alone, and that their testimony could be taken before a referee, &c. with far more convenience to them, and a saving of expense to the plaintiff. That the suit was brought to foreclose a mortgage upon premises in Rochester, which are barely adequate security for the amount of the incumbrance.

*Geo. H. Mumford*, for the plaintiffs.

*E. Mather*, for the defendants.

WELLES, J. The motion is founded exclusively upon the 3d subdivision of the 4th section of the supplement to the new code of procedure. (*Laws of* 1848, *p.* 567.) The 3d section provides for references of suits in equity, and references to take testimony, or to report facts, or to execute any order or decree *upon the written consent of the parties concerned.* The 4th section provides that " where the parties do not consent as in the last section mentioned, the court may, upon the application of either, or of its own motion, direct a reference in such suit in the following cases : 1. Where the determination of an issue of fact shall require the examination of a long account on either side ; in which case the reference may be to hear and decide the whole issue or to report upon any specific question of fact involved therein ; or 2. Where the taking of an account shall be necessary for the information of the court before decree, or for carrying an order or decree into effect ; or 3. Where a ques-

Flagg *v.* Munger.

tion of fact, other than upon the pleadings, shall arise, upon motion or otherwise, in any stage of the suit."

This case manifestly does not fall within the provisions of the above 3d subdivision of section four; and there is no statute or legal provision, yet in force, which authorizes a reference in such a case, without the consent of the parties.  The 3d subdivision was undoubtedly intended to provide for references in cases where questions of fact should arise upon collateral matters in the cause, in any stage of it, and not to those questions or issues of fact which are made by the pleadings.  Those issues, that is, issues arising out of the pleadings, are to be tried, and the testimony taken, in open court, "in like manner as in cases at law," unless referred by the consent of parties.  The design of the statute in question was to authorize the court, in its discretion, to refer all other disputed matters of fact; such for instance as whether an injunction has been violated, or the party is in contempt for any cause alleged; the numerous questions which arise on motion and in relation to the execution of the orders, decrees and process of the court, and also upon petitions presented during the progress of the cause.  In such cases, and many others, the questions of fact, which are frequently sharply litigated, do not arise upon the pleadings, and may be referred by the court, under the above third subdivision of section four.  They are those cases where the late court of chancery ordered references to masters, or directed issues to be tried by a jury.

The motion is denied, but without costs.