Campbell, J.
(with the concurrence of all the judges). This action was commenced to recover compensation from the defendant for attorney and counsel fees and disbursements in general suits and proceedings in different courts. The plaintiff having been required by the defendant to tax his attorney’s bills, procured the taxation of several of them. On application to one of the justices of the Supreme Court to tax a bill where the costs accrued since the Code, the justice declined doing so, on the ground that there was no authority to tax costs given by the Code, except when they enter into the judgment, and that in such cases they are adjusted by the clerk. For the purpose of obtaining a taxation or adjustment of this bill, and some other bills of small amounts in old suits, the plaintiff now applies for a reference.
It was objected by the defendant that there was now no such thing as taxation of attorneys’ costs as between attorney and client; that the attorney’s compensation depended upon an agreement express or implied; and that an action by him against his client was like all other actions for services rendered, and if the trial of such action would involve the examination of a long account, it must take the usual course, and the whole action and all the issues be referred. To such reference the plaintiff objected, insisting upon his right to try the issues as to his retainer, and the compensation to which he was entitled for counsel fees, before a jury.
The first sub-division of § 271 of the Code provides, that the court may order a reference “ where the trial of an issue of fact *609 shall require the examination of a long account on either side, in which case the referee may be directed to hear and decide the whole issue, or to report upon any specific question of fact involved therein.” Sow one of the questions of fact in this case is, what amount of compensation the plaintiff would be entitled to for his services as attorney, and for his disbursements in the various suits which he may have prosecuted or defended for the defendant, provided he shall on the trial establish his right to recover. Strictly speaking, now, as between attorney and client, there are no taxable costs. The compensation of the attorney depends upon agreement, express or implied, with his client. But compensation is given to the client, if successful in the litigation, for these very services rendered by the attorney; and in ordinary oases, perhaps, the implied' agreement would be, that the attorney should be entitled to recover the same compensation from his client. I see no difficulty, therefore, in cases like the present, in ordering a reference, for the purpose of ascertaining what amount of compensation an attorney may be entitled to for his services and disbursements, provided he shall afterwards, on the tidal, establish his right to recover. The reference in such case would be analogous to the former practice in relation to the taxation of costs between attorney and client, which only settled the amount, and not the right to recover. As the law now is, such amount may not always be the' limit of the recovery, It may perhaps, on the trial, be enlarged or diminished by the jury. But by such reference, the taking of a long account on the trial would be prevented. The motion for such a reference is therefore granted, but without costs to either party,