McCRACKAN *against* VALENTINE'S EXECUTORS and others.

When, in an action of foreclosure, a decree has been made upon pleadings and proofs, appointing a referee to compute the amount due, to examine the plaintiff as to payments, and to take proof of the allegations of the bill as against an absent defendant, and directing a sale of the premises on the confirmation of the report, the parties who have appeared and answered are concluded by such decree as to the issues in the pleadings; and the referee

has no right to examine the plaintiff as to any facts except those relating to payments on the mortgage; nor to examine the absent defendant in behalf of his codefendants as to a defence of fraud set up in the answer.

THE bill of complaint in this cause was filed before the vice-chancellor of the first circuit, in September, 1846, to foreclose a mortgage executed by Catharine Valentine, deceased, to secure the payment of a bond of James A. Valentine (her son), for $2500. The bill was taken as confessed against J. A. Valentine as an absent defendant. The other defendants, the executors and devisees of Mrs. Valentine, put in an answer denying that anything was due on the mortgage, and alleging fraud and false pretences in procuring the mortgage to be executed, to which there was the usual general replication. The cause was heard on pleadings and proofs, in September, 1849, by the superior court, to which it had been transferred in accordance with the statute; and a decree was made referring it to John M. Knox, to ascertain and compute the amount due the complainant on the bond and mortgage, to examine the complainant on oath as to payments made on the mortgage, and to take proof of the facts and circumstances stated in the bill; and directing that upon the coming in and confirmation of the report the mortgaged premises should be sold.

Upon the reference, the executors proposed to examine James A. Valentine, the principal debtor, as a witness in behalf of his codefendants, without an order for that purpose, and without a release. They also proposed to examine the complainant as to matters other than the payments on the mortgage. Both these propositions were overruled by the referee, and the defendants excepted to his decisions.

The report and rulings of the referee were confirmed by the court at general term, and the defendants appealed to this court.

*Charles W. Sandford* for the appellants.

*J. V. L. Pruyn* for the respondent.

GARDINER, J. The ruling of the referee (which was confirmed by the superior court) in excluding the testimony offered by the defendants, presents the only question in the case.

As to the last exception, the examination of the complainant was expressly limited by the decree of reference to the subject of payments upon the bond and mortgage. The referee had no discretion, but was bound to pursue the directions contained in the decree under which he acted. There was no error therefore in his decision in this particular. It is true that these defendants have appealed from the whole decree, but as the proofs are not before us, we have not the means of determining whether the decree of reference was or was not justified.

The referee was also correct in refusing to allow James A. Valentine to be examined as a witness for his codefendants. This offer, like the preceding one in reference to the examination of the complainant, was not limited to an inquiry as to the payments made or the sum due upon the securities, but the evidence was intended to bear upon the issue joined between the parties as to the validity of the mortgage, and to re-try a question which had already been adjudicated in favor of the complainant. This was a right which the defendants could not exercise in that stage of the proceedings.

The Code does not aid the defendants. For if we assume that it abolished the old rules in chancery, and was as potential in these respects as insisted by the counsel for the defendants, yet he has not claimed that the Code was designed to give the parties a right to litigate the matters in issue twice in every equity case: once preliminary to a hearing on the merits, and a second time before the master, under the order of reference.

The judgment of the superior court should be affirmed, with costs.

TAGGART, J. The great difficulty in the appellants' case consists in their being entirely too late with their proof. They waited until after the hearing and decision in the cause upon pleadings and proofs, and then attempted to establish the defence set up in their answer. This they had no right to do. They ought to have interposed their defence and offered their testimony before the decree under which the referee was acting was made. A defendant in a common law action might with the same propriety offer to prove his plea or answer after the verdict was rendered against him, as the defendants in this cause to prove their answer after the decree had passed against them. It is therefore unnecessary to pass upon the reasons assigned by the referee for not examining Valentine, as there is a good and valid reason, not assigned by him, for sustaining the decree.

DENIO, J., did not hear the argument.

All the other Judges concurring,

Judgment affirmed.