## SUPREME COURT.

### PETER P. VAN ZANT agt. NATHANIEL R. COBB, WM. S. WOODWARD, and JAMES H. STEVENS.

Where a cause, upon complaint, answer and reply, is submitted to the court for decision, and the facts establish that the plaintiff is entitled to an account to be taken; but there are questions of fact, material to the taking of a final account, that must be settled by testimony, the cause will be referred to a referee, where there are no difficult questions of law involved, to find the facts upon the several issues presented by the pleadings; and, upon such finding, to state the accounts between the parties.

*New York Special Term, August,* 1854.

JOHN ANTHON, *for*

MORRIS, Justice.   This cause was submitted to me upon the complaint, answer, and reply, accompanied with points of the respective counsel.

The complaint demands from the defendants that they shall account to plaintiff for the value of certain stocks mentioned in the complaint, at the highest market rates or value,

*Van Zant agt. Cobb and others.*

which the same have reached during the period they have been deposited, or hypothecated, with the defendants, or may hereafter reach pending this action; and after deducting therefrom the amount of advances made by defendants, their lawful commissions, and legal interest, that the defendants pay over the. balance to the plaintiff, under the direction of the court.

. The transactions for which this accounting is demanded, as charged in the complaint, are as follows :—

1st. June 17, 1851.—200 shares of the New-York, Providence and Boston Railroad Company; purchased by defendants for plaintiff.

Defendants advanced upon it, for plaintiff, $9,745.76.

Plaintiff, as security for this transaction, deposited with defendants the 200 shares so purchased, also 50 shares of the capital stock of the Madison and Indianapolis Railroad Company, worth $2,500.

2d. August 18, 1851—Defendants purchased, for plaintiff, 300 shares of the capital stock of the Norwich and Worcester Railroad Company; and advanced for the plaintiff, in payment for the same, $18,000.

Plaintiff deposited with defendants, as security for this transaction, certificates of $10,000 Indiana Canal preferred 5's, together with the said 300 shares of the Norwich and Worcester Railroad Company, of the value of $4,500.

3d. 30th of September, 1851.—The defendants purchased, for plaintiff, 200 shares of the capital stock of the New-York and Erie Railroad Company, and paid for the plaintiff, on such stock, $16,800. As security for this transaction, the plaintiff deposited with the defendants the said 200 shares of New-York and Erie, and also 51 shares of the capital stock of the Rochester and Syracuse Railroad stock, of the value of $5,500.

4th. November 26, 1851.—The defendants purchased, for the plaintiff, 200 shares of the stock of the Canton Company, and also 100 shares of the Portsmouth Dry Dock Company, and advanced for plaintiff, for purchase of the same, $13,500. To secure the defendants in this transaction, the plaintiff de-

posited all the stocks before mentioned, subject to the special hypothecation in each case.

The complaint avers, that in each of these transactions it was mutually agreed that the defendants should retain the stocks until the plaintiff directed them to be sold.

The complaint avers that the defendants have received, in dividends upon the stock of the plaintiff, $600. And also, that the defendants have sold the stock so belonging to the plaintiff, without his direction or consent.

To this complaint the defendants' answer admits they have received, in dividends, $600; and aver they have always been ready and willing to account with said plaintiff; and that they have duly rendered him accounts of all their transactions and dealings with him, when requested thereto; and that the plaintiff is indebted to the defendants in the sum of $7,405, besides interest.

To this part of the defendants' answer the plaintiff replies, that it is true, the defendants furnished him an account, but that such account is false and unjust.

These facts establish that the plaintiff is entitled to an account, to be taken under the authority of this court. The cause is not, however, in a position where an account between the parties, of all the matters involved in the controversy, can be taken. Before such accounting can be had, there are questions of fact, material to the taking of a final account, that must be settled by testimony.

The answer denies the transaction first set forth in the complaint; and, as regards the other transactions, denies there was any agreement that defendants were not to sell until directed to do so by the plaintiff. The answer is denied by the reply. The truth of these conflicting statements must be found before an account can be stated.

This case involves the examination of accounts, and does not involve any difficult question of law, and therefore is a proper subject of reference.

I refer this cause to a referee, to take the proofs and find the facts upon the several issues presented by the pleadings in

the cause, and then, upon the facts so found, and those ad-
mitted by the pleadings, to state the account between the
parties.

The counsel for the defendants objects to the gentleman pro-
posed by the plaintiff for accountant: I, therefore, appoint P.
T. Ruggles referee in this cause, unless there is objection made
to him, or unless the respective counsel mutually agree upon
some other gentleman.