## EHLEN *a.* THE RUTGERS FIRE INSURANCE COMPANY.

*New York Superior Court; General Term, January,* 1858.

### Special Report of Referee.—Mode of Reviewing.

Where, in an action on an insurance policy a reference was had, before trial, to ascertain the amount of loss, and the referee's report was read in evidence on the trial, and verdict was for the plaintiff,—*Held,* that the report could not be reviewed at general term, on the defendant's appeal from the judgment; but that his remedy should have been by motion or objection before it was read in evidence.

This was an action on a policy of insurance. The facts which raised the question of practice presented, appear in the opinion.

*C. A. Nichols,* for the appellants.

*Charles A. May,* for the respondent.

By THE COURT.*—PIERREPONT, J.—This is an appeal from a judgment against the defendants, entered upon the verdict of a jury. Before the cause came on to be tried, the following order was made:—

" At a Special Term held at the City of New York, December 15, 1855.

Present,—Honorable W. W. CAMPBELL.

Upon reading and filing the annexed affidavit and order to show cause, and after hearing C. A. Nichols, of counsel for the defendants, and C. A. May, Esq., for the plaintiff, *it is ordered* that the above case be referred to A. J. Perry, Esq., of the city of New York, counsellor at law, as sole referee only, *to ascertain and determine the amount of any loss sustained by the plaintiff, for the recovery of which this action is brought.*"

The referee made his report in August, 1856, that the amount of the loss was $401.74.

The case came on to be tried in February, 1857, and the referee's report was read in evidence, with proofs of the occurrence of the fire, &c. The jury found for the plaintiff the amount reported by the referee. Judgment was entered on February 15, 1857, and on the 20th of the same month exceptions were filed to the referee's report. The evidence taken before the referee is printed in the case, though it does not appear to have been before the judge or jury at the trial.

The defendant now seeks to review at the general term, on an appeal from the judgment, entered upon the verdict of a jury,—this referee's special report.

This cannot be done. The time to object to the report was before it was read in evidence to the jury. It might have been on special motion.

The mode which the Code prescribes for reviewing the report of a referee, after judgment has been entered, is not applicable to a special report of this kind.

The Code (§ 469) provides that the rules and practice of the courts in civil actions, not inconsistent with this act, shall continue in force, subject to the power of the respective courts.

---

* Present, Bosworth, Pierrepont, Hoffman, Slosson, and Woodruff, JJ.

. Exceptions were taken to the ruling of the judge on the trial, which we do not think well taken, and which the counsel upon the argument virtually abandoned.

We are satisfied, from the evidence in the case, that though there was ample room for doubt, yet that a verdict of a jury, or the report of a referee, finding for the plaintiff, would not have been disturbed.

Judgment must be affirmed, with costs.