By the Court,
McCunn, J.
1. The plaintiff alleges in his complaint that all the defendants to this action were officers and stockholders of the Hydeville Marble Company, a company duly organized under the laws of our state, and “ that on or about the 20th of October, 1858, the defendants retained the plaintiff, as an attorney and counsellor at law, to take hold and attend to all the suits and business of the said company, and protect and defend their interests therein, and to defend their interests and liabilities as such stockholders, and save the property to them, and agreed to pay the plaintiff liberally for his services ; and that, by reason of such retainer, he performed certain services therein particularly set forth. _ This is a brief synopsis of the case.
The answer of Battershall, the only defendant served out of four, among other reasons for defense, denies that he retained the plaintiff in the manner alleged, or that he rendered the services claimed in his complaint.
The case was referred to Charles P. Kirkland, Esq. as sole referee, to hear and determine the issues of law and of fact, before whom Mr. Niles, the plaintiff,.‘testified, as a witness in his own behalf, that on the said 20th day of October, the defendant Battershall, in the presence of the other defendants, employed him to act in certain matters and suits, against the Hydeville Marble Company; that Battershall at that meeting said, “ I propose we employ Mr. Niles, and if he will take hold of these matters, I, for one, will pay him liberally,” and that the other defendants assented to this proposition ; that he entered upon his engagements, and performed certain services *148 which he claimed were reasonably worth the value he fixed upon the same, in his testimony.
On his cross-examination, he testified' “ that, to the best of his recollection, all the persons present at this meeting (the defendants) were trustees of the company, and that the secretary, Phillips, was present also.” Van Burén, one of the defendants, was called by Mr. Hiles, and testified “ that Mr. Batter-shall, in the presence of all the defendants, said some one ought to be employed to give it attention, and to secure the company’s property to the creditors, and that he was willing to employ Mr. Hiles, and that he should be well paid to give it all the attention that was necessary.” Mr. Harris Wilson also testified, that Mr. Battershall proposed to employ Mr. Hiles for the purpose of pursuing the course he proposed, and that they, the defendants, would pay him liberally for so doing, if he carried out his (Hiles’) views, and that Van Burén assented to this. After a long cross-examination of these witnesses, the plaintiff rested.
On looking over the testimony given, a very serious doubt at first arose, in my mind, as to whether this was a retainer of Mr. Hiles by Battershall and the other defendants in their individual capacities, or whether it was a retainer on the part of the company. I find, however, that the referee in his special report (the general report goes for nothing) finds that the defendants in their individual capacities employed the plaintiff; and he orders judgment against Battershall alone, but without disposing of the other defendants. It is quite true that in the 10th finding of fact, the referee says : “ That the other persons (except Battershall) named as defendants in this action had not appeared, and that process was not issued or served upon them.” This finding cannot affect the result that should have followed the finding, for if it was a joint employment, they were joint contractors, and consequently joint defendants. If they were jointly bound, they should be held as such ; if they were not, that should have been found, and they should be relieved from the onus of having their' names on the judgment’ record.
*149 Perhaps if the plaintiff had moved to strike out the other defendants from the record, and prayed a judgment against the defendant Battershall alone, and he had been able to prove a separate and sole employment by Battershall, or if the referee had done this, of his own motion, after such proof of a separate employment, the judgment might have been good; but forgetting that joint liabilities were found by him, he awarded a judgment against Battershall alone, without disposing of the. other defendants, leaving their names to encumber the record. Notwithstanding this judgment, if it be correct, it may be doubtful whether the plaintiff is not at liberty, by virtue of the same theory, to serve each of the other defendants with process, and on the same state of facts enter up, from time to time, several separate judgments against the remaining three defendants.
If the defendants were jointly liable, and the second finding of the referee is to that effect, then judgment should have been entered “pro forma” against all. At the same time, the referee might have found the fact (although the affidavit of service, or notice of appearance, would have shown that only one was served,) so that parties applying to the record for information might learn whose property is affected and liable on ■execution, because final process can only issue against the individual property of the person served, or who may have appeared, and against the joint property of all the defendants.
The judgment, as it now stands, being a separate judgment against Battershall alone, although the second finding is one of a joint liability against all, gives no remedy to Battershall against his co-defendants, for their pro rata share of this joint liability.
The 136th section of the Code does not alter any fundamental principle of law, as to the joint liability of joint contractors, but is merely intended to alter the common law in a point of practice.
At common law, if any number of persons or joint contractors were sued, it was necessary to prove and establish an entire case against all the defendants in the action, or it would *150 fail. The legislature intended- simply by this section to change this rule of practice, which seemed to be erroneously founded, by allowing the plaintiff to recover against so many of the defendants against whom he can prove a joint contract, and a consequent joint liability. This was. the only object of this section of the Code, and this is the only change it made. It does not permit a separate judgment to be entered against one of two of more defendants, proved to be joint contractors, and therefore jointly liable, even though that defendant should be the only one served, or who appears.
The judgment should' be reversed, and a new trial ordered.
Robertson, Ch. J. The referee, to try the issues in this cause, made two reports, one termed special, containing findings of fact and conclusions of law, and the other general, both of which contain an award of judgment in favor of the respondent, against the appellant, for a certain sum. The general report finds that sum to be due, by reason of the matters and things contained in the complaint. The special issues of fact raised by the answer were, whether the services alleged by the respondent to be performed by him were rendered for his own benefit, or not, and whether the appellant employed him to render such services ; all the other matters alleged in the complaint were controverted. Such general report did not dispose of such issues, as a report of referees is required by the Code to do. (§ 272.) What are issues are defined by it. (§ 250.) And there was nothing in such general report by which to amend it. (Peck v. Yorks, 14 How. 416.) It may, therefore, be disregarded as superfluous. Such special report gives as the referee’s conclusions of law :
First. That the respondent was entitled to recover against the appellant a certain sum for the services mentioned in the finding of facts which preceded in such report.
Second. That the respondent was entitled to judgment against the appellant for such sum, which last conclusion is repeated in the general report annexed. The judgment entered upon such report, was against the appellant alone, as “ im *151 pleaded,” &c. for the same amount, with costs, thus conceding that there were other parties to the record.
Such special report does not find explicitly that the appellant, either alone or jointly with others, not parties to the record, employed the respondent to render- the services set out in the complaint, hut merely that the appellant and others of the officers and stockholders of a certain company, in their individual capacities, employed the respondent professionally to attend to sundry matters affecting the'property of such company. It does not state the name of such others, or whether they were the ‘other defendants or not, although the complaint alleges that all the defendants were officers and stockholders of such company. Although such report contains several items of evidence to show that the appellant was principally interested in having such services performed as the respondent rendered, there is no room to construe such report as a finding of a several contract made hy the appellant alone.
If, however, such report is to be construed as deciding that the respondent was employed by the appellant alone, it is unsupported by evidence. The testimony of the respondent, of two. defendants (Van Buren and Davis,) and of the counsel (Wilson,) and secretary (Phillips) of the company, shows a joint retainer by all the defendants, and there was no evidence of a separate retainer by the appellant alone. The only difference between such witnesses was as to the character in which the defendants retained the respondent. Indeed, the referee, in his opinion, admits there were co-contractors of the appellant. Although, under the Code, a plaintiff may recover against one defendant out of several, upon his several contract, notwithstanding the former has alleged it in his complaint to be joint, (Claflin v. Butterlly, 5 Duer, 327 ; Parker v. Jackson, 16 Barb. 33 ; Brumskill v. James, 1 Kern. 294 ; Marquat v. Marquat, 2 id. 342,) he cannot deprive a defendant, served with process, of the right of having his co-contractors joined with him, in order to have judgment entered against them all, to be enforced against their joint property under section 136 of the Code, whether they are served with process *152 or not; and partipularly not by first adding them, as parties on the record to prevent an answer in abatement, and then dropping them in the judgment, without any leave of the court, or notice to the defendant served.
It is much to be regretted that an omission or defect of apparently so slight a character, should prevent the respondent from reaping the benefit of a report in his favor for meritorious services, after a severe contest before the referee. If the referee had found a joint employment by the defendants as his report on the issue, the judgment might, perhaps, have been amended to correspond. But the judgment given as actually by him, can only be sustained by the finding of a several contract, which the evidence does not support. The referee seems, by his subsequent certificate, to have supposed that he could give judgment against any one defendant served with process, wholly disregarding the others. In that he is mistaken. He takes the place of the court and jury, and is as much bound, after trying the issues, to assess damages against the parties who have made default or are not served, as those served, or who have pleaded, as he would have been under the former mode of practice, since the judgment to be rendered upon his report is finally to determine the rights of the parties in the action. (Code, § 245.) I think it would have been better for all parties if the question of the value of the plaintiff’s services had alone been referred, leaving the other questions to be determined by a jury, as was done by this court in Bowman v. Sheldon, (1 Duer, 607,) under section 271, subdivision 2, of the Code. Questions of law may arise on the trial, proper to be disposed of by the court. If the respondent chooses to modify the order of reference, so as to confine it to a reference to determine the value of his services, leaving all other questions to be determined on a trial, it may remain thus modified, otherwise it must be vacated. I concur in thinking that the judgment must, at all events, be reversed, and a new trial ordered, but subject to such modification of the order of reference, with costs to abide the event.