Andrews, J.
Section 1015 of the Code authorizes the court to direct a reference, to determine and report upon a question of fact arising in any stage of the action, upon a motion or otherwise, except upon the pleadings. The referee in this case has not only reported upon the questions of fact, but also upon questions of law, although said section, under which I suppose the reference was ordered, does not seem to authorize a reference to obtain the opinion of a referee upon questions of law arising on a motion. Nor do I find any authority in the Code, or rules of court, for the filing of exceptions to a referee’s report of this character; nor for a motion to overrule sueli exceptions and confirm the referee’s report.
Under these circumstances, I am somewhat at a loss to know what the functions and duties of the court are in reference to the matter; but it seems to me very clear that on a motion to continue a temporary injunction, the court does not sit to hear an appeal upon the law- and the facts from a decision of a referee.
The plaintiff has purchased the building, and the final disposition of the case involves questions of law which are not free from difficulty. If the articles were removed from the building pending the litigation, the building would be disfigured and injured, and it seems to me that the questions of law which are involved should not be finally disposed of by a referee, nor by a judge sitting in chambers. There is a special branch of the court for the hearing of equity causes, and the case should be tried there. 1 think that the injunction heretofore granted should be continued, pending the litigation, but if the undertaking given by the plaintiff is not sufficient to protect the defendant, it should be increased.
Motion to continue injunction granted. The order will be settled on notice.
Note on Reference of Part of the Issues.
In an action involving the examination of a long account and no difficult questions of law, the court may direct a compulsory reference. *419 And if the action be one triable by the court without a jury, such a reference need not be of the whole issues, but may be of any issues ; or it may be a reference not to hear and decide the issues referred, but only to report the referee’s finding upon a specific question of fact. Code Civ. Pro. §§ 1013, 1014.
The latter kind of reference is an exercise of the inherent power of a court of equity. Such a court may call to its aid the service of a master or referee in investigations, computations, and other inquiries incidental to the issues in the cause, as well as those incidental to any other step, and an incidental reference of this kind in the exercise of the inherent power of the court, docs not absolutely decide the question; but the report, like a verdict on feigned issues, is for the consideration of the court. That which is noteworthy in the statute is, that it gives the power to order a reference to decide a part of the issues.
The principle of chancery procedure above stated is also embodied in the provision of section 1015, allowing a compulsory reference to take an account and report to the court thereon, either with or without the testimony after interlocutory or final judgment, or when it is necessary to do so for the information of the court.
And section 827 contains a general clause saving to the court the powers of chancery in respect to ordering references.
The mode of trial, where only a part of the issues in a cause triable without jury are sent to a referee, is controlled by the same principles of judicial convenience in the fair and prompt decision of the cause which support the inherent power of the court. That power enables it to try part of the issues with or without a jury, and send the other part to a referee ; or to send the case to a referee for trial of a part of the issues, in preparation for the trial of the residue itself, with or without a jury.
This is a well settled doctrine of chancery practice. It was acted on in the recent case of City of Memphis v. Brown, 20 Wall. 289, where it was held that a cause may be referred to a master for an account before it is ready for a decree, and before the rights of the parties are settled, if the circumstances of the case make such a course a proper one, so that there may be no ground of error where no exception is taken, and all the evidence that either party desires to present is presented, and full justice is done.
• In that case, defendant had brought an action at law against the City of Memphis in a paving contract. The city then filed its bill in equity, alleging various matters of equitable defense, and praying that the suit at law be restrained. To this defendant answered and filed a cross bill. The action at law was stayed, to the end that the controversy might be settled in equity. The facts were that, under a large paving contract, the city and the contractors having become embar *420 rassecl, resorted to various devices to raise money to carry on the work; the city issuing its bonds, the contractors selling them at half their nominal value. The court, without having first settled the rights of the parties, referred the case to a master for an account of labor done and materials furnished, and the value thereof, and to find how many bonds the city had issued to the contractors, whether such bonds had a value, when they matured, and how much the city owed the contractors when the suit was brought. The parties did not except to such order, but appeared under it before the master, took testimony, and submitted the matters of reference to the master (taking no exception . before him). The master having reported a sum due the defendant, the circuit court confirmed the report (with some modifications).—Held, that the circuit court made no error in the order of reference.
In Massachusetts this convenient practice was extended to common law cases by Stat. 1817, c. 142,—providing for the appointment of auditors in actions in which an investigation of accounts, or an examination of vouchers is necessary to the purposes of justice, and directing that in these cases the court might appoint an auditor or auditors, to state the accounts between the parties, and to make report thereof; and the report so made, should under the direction of the court, be given in evidence to the jury, subject, however, to be impeached by evidence from either party.
In Allen v. Hawks, 11 Pick. 359, it was held that witnesses examined before auditors may be re-examined upon the trial before the jury, for the report does not supersede or exclude any other competent evidence.
Although in the N Y. Code of Civil Procedure, the section stating the power of the court to order such references, says it may be “ to decide the whole issue or any of the issues” (§ 1013); the sections providing for the-entry of judgment, do not appear expressly to authorize the entry of judgment directly on the report on a part of the issues, except, perhaps, where the court, after trying part of the issues, sends the cause to a referee to try the rest, without giving any direction as to application for judgment, in which case judgment may be entered on the referee’s report (§§ 1221, 1220). If the issues tried by the referee are first tried, the judgment is only had on application to the court, as in chancery.
A recent case in the court of appeals (Peck v. Vandemark, 99 N. Y. 29; aff'g 33 Hun, 214; see p. 158 of this vol. note) gives the sanction of a well considered dictum to the power of the court, trying a cause before a jury, to reserve and send to a reference a question of accounting not practicable to be determined at the time of the trial.
*421 The power of the court to order such references is to be distinguished from a mere power to refer it to a referee to take testimony to be read on the trial. Such a reference is not in any just sense a trial, nor part of the trial.
This point was recently before the supreme court of the United States (Carson v. Hyatt, 118 U. 8. 279), in reviewing a judgment of a state court which had refused to allow removal of a cause, on the ground that the removal had not been applied for before trial begun. The courts have always construed this requirement as to the time of applying for removal very strictly, and held even a demurrer to the merits a trial; and, in a recent case, stretching the same principle, that a motion for an interim injunction, made upon the complaint where the final relief prayed involved the same relief, was a trial. In Carson v. Hyatt, 118 U. S. 279, the supremo court held that a reference to take testimony did not begin the trial. The court say: “ the stipulation was not to send the case to the master for ‘trial,’ but ‘to take testimony and report the same.’ In its effect this was nothing more than an agreement for the appointment of an examiner before whom the testimony in the suit, which was in its nature a suit in equity', could be taken. The master had no authority to find either the facts or toe law. His duty was to take and write out the testimony to be reported to the court for use on the trial when it should be begun.”
Such a reference cannot be compulsorily ordered, unless possibly in very exceptional cases.
Thus in Flagg v. Munger, 3 Barb. 9, it was held that the third subdivision of section 271 of the Code of Procedure,—authorizing a reference “ where a question of fact other than upon the pleadings shall arise upon motion or otherwise, in any stage of the action,”—did not extend to the appointment of a referee to take the testimony of parties to be used in a foreclosure suit. Issues arising out of the pleadings, in equity suits, are to be tried, and the testimony taken, in open court, in like manner as in cases at law, unless referred by consent of parties.
The following eases further illustrate references incidental to trials, but short of reference of the whole issue.
In an action by an attorney' against a client for professional services and disbursements, the plaintiff applied to the court for a reference for the purpose of obtaining a taxation of costs in several suits. The defendant contended that if there was to be a reference, it should be of all the issues. The plaintiff insisted on his right to try the issues as to his retainer and compensation before a jury. Held that this was “ a specific question of fact ” involved in the case, and was therefore referable. “ By such reference the taking of a long account on the trial *422 would be avoided.” Motion granted. Bowman v. Sheldon, 1 Duer, 607.
Where, in an action on an insurance policy a reference was had before trial to ascertain the amount of loss, and the referee’s report was read in evidence on the trial, and verdict was for the plaintiff,— Held, that the report could not be reviewed at general term, on the defendant’s appeal from the judgment; but that his remedy should have been by motion or objection before it was read in evidence. Judgment therefore affirmed. Ehlen v. Rutger’s Fire Ins. Co., 6 Abb. Pr. 68.
On these two cases (Bowman v. Sheldon and Ehlen v. Rutger’s Fire Ins. Co.) Mr. Hoffman, an experienced judge, master and referee, said, that “in neither of them is it apparent that the examination of a long account was necessary, and this element is a prerequisite for such an order as much as for a reference of the whole issue. The compensation of the attorney and counsel would depend upon the services proven, and the valuation of witnesses as to them. The loss by the fire would be the enumeration of the goods injured, and their value. This might involve a long or a brief account. But in each case the reference was clearly proper under the second sub-division of the section, viz., to take an account for the court’s information. It is ‘ not of a long account.’ ” Hoffman on Ref. p. 121.
In a foreclosure suit, defendants sot up a counter-claim. The reply denied any counter-claim. Defendant moved a reference to take an account before trial. Plaintiff opposed the motion by an affidavit ^setting up an account stated,—which defendant rebutted by counter-affidavit. Held, as the fact of the settlement came within section 264 of the Code of Procedure it could be tried by referee. Carr v. Wehrnan, 2 Robt. 663.
Where, in a cause submitted for decision on the pleadings, it appears that plaintiff is entitled to an account, but there' are questions of fact material to the taking of such account, und no difficult questions of law, it may be referred to take proofs, and then on the pleadings and proofs, to take a final account. Van Zant v. Cobb, 10 How. Pr. 348.
In causes of an equitable nature, where facts other than those presented by the issues in the pleadings arc necessary to bo known to the court, in order to enable them to frame the proper decree, the court have power, not only by the Code, but as a court of equity, to order a reference for the purpose. The former practice in this respect is not inconsistent with tho Code. Elmore v. Thomas, 7 Abb. Pr. 70.
Thus, where in an action brought by a married woman, by her next friend, the answer did not claim affirmative relief, but the referee to whom the cause was referred, reported defendant was entitled to judgment for recovery of a deposit paid by him in the transaction sued on, *423 and for costs ;—Held, on defendant’s motion : 1. The proper course was to refer it to the same referee to ascertain and report on the facts stated in the moving papers, and to report a particular description of plaintiff’s real estate, in order to a final decree. 2. The next friend should be required to show cause why he should not pay defendant’s costs, Ib.
In a foreclosure suit, against several defendants, one appeared, but failed to answer, while the others joined issue. The cause being in order before the court on notice of application for relief as against the non-answering defendant, there being no one in attendance on his behalf, and on notice of trial as against the others, an order of reference of ‘•the matter in controversy” was made. The referee proceeded to report not only on the issue, but also on plaintiff’s right to relief against the non-answering defendant; and on the report plaintiff entered judgment as of course, for foreclosure and sale, and against the non-answering defendant for any deficiency. That defendant moved to set aside the judgment for irregularity. Held, 1. The reference was regular as to the defendants who joined issue. 2. As against the defendant who did not answer, it was irregular, there being no issue between him and plaintiff, to direct any other reference than one to ascertain and report the amount due for information of the court. 3 The defect might be cured after judgment and sale, by reference to compute the amount due, the judgment to stand till the coming in of the report, and then to be modified conformably thereto. Cram v. Bradford, 4 Abb. Pr. 193. Compare McCrackan v. Valentine, 9 N. Y. 42.