## SUPERIOR COURT.

### M'CULLOUGH agt. BRODIE and others.

An action is not referable, except by consent of parties, merely because the trial of it will require proof of various small items of damage. To justify a compulsory reference, the trial must involve the examination of a long *account*—according to the ordinary acceptation of the word account, of one party against the other.

*New-York Special Term, Dec.,* 1856.

THE plaintiff moves to refer this action to a referee, on an affidavit, that the trial of it will involve the examination of a long account on his part. The complaint states, in substance,

that the defendants falsely represented that they possessed the secret of, and had the exclusive right to manufacture resin soap in New Jersey; that it could be made for three and a half cents per pound, equal to an article made by tallow costing ten cents; that plaintiff, relying on these representations, and the agreement of the defendants to instruct the plaintiff to make such resin soap, bought of defendants the secret, paid $450 cash, and gave his note at six months for $450 more, and incurred large expenses in establishing a factory, and in purchasing the requisite materials to make said soap; and by reason of defendants' misrepresentations and failure to instruct the plaintiff how to make the resin soap, the plaintiff has been subjected to $1,000 damages, for which he prays judgment, as well as for the $450 advanced in cash, and he also prays that the note for $450 be surrendered. The long account, the examination of which, it is supposed the trial will involve, consists of the items of damage resulting from establishing the factory and purchasing materials to make resin soap.

F. H. UPTON, *for plaintiff.*
WOODBURY & CHURCHILL, *for defendants.*

BOSWORTH, Justice. It may be true, that the class of actions in which the court can order the whole action to be tried by the referee, without the consent of either party, is enlarged by the Code; but the fact which warrants the exercise of the power is the same now as when the Revised Statutes alone gave the authority to refer. (19 *Wend.* 31; 25 *id.* 687; 6 *id.* 503.)

By 2 *R. S.* 384, § 40, the court could order a cause to be referred, whenever it was made to appear that the trial would " involve the examination of a long account on either side." By the Code, a reference may be ordered, " where the trial of an issue of fact shall require the examination of a long account on either side." (*Code*, § 271, *sub.* 1.) The language of the two statutes, prescribing the condition on which a reference may be ordered, compulsorily, is the same.

In *Van Rensselaer and others agt. Jewett*, (6 *Hill*, 373,) the

court vacated an order of reference which had been made at the circuit by a circuit judge. It was vacated on the ground, among others, that the cause was not referable. The action was *covenant* against the assignee of a *lease*, to recover nine years' rent; the annual rent being eighteen and three quarter bushels of wheat, four fat hens, and one day's service with carriage and horses. The court held, that unless there was an *account* between the parties, in the ordinary acceptation of the term, there could not be a reference, although there might be many items of damage. Except as to the $450, advanced as part of the contract price, the trial will not involve an inquiry in relation to payments made by either to, or property received by either from, the other.

There is nothing in the nature of the items of expenditure, claimed as *damages*, to support the allegation, that the trial will involve the examination of a long account, which would not exist in, and as much authorize a reference of any action, brought to recover various items of special damage.

When the items to be investigated are made the subject of examination, in order to recover *damages*, strictly and properly so called, either party has a right to have the issue tried by a jury, unless it be joined in an action which the Code requires the court to try.

I think the action is not referable, without the consent of the parties, and the motion must be denied.