GEORGE J. TURNER *v.* JAMES B. TAYLOR, CHARLES W. BAKER, *and* BENJAMIN F. MUDGETT.

Where an action involves the examination of an account between the parties, it is, in its nature, referable, depending upon the fact whether it is, or is not, a long one ; and with the conclusion of the judge granting the order, upon such a point, an appellate tribunal will not interfere, unless the judge certifies that the point is one of sufficient importance, or doubt, to warrant a review.

An order granting a reference in a case where it is doubtful whether the examination of an account was at all so directly involved as to make a reference compulsory, may be reviewed on appeal.

To render a reference compulsory, an account must be directly in issue, or there must be no question remaining to be determined, except the adjustment of the items constituting the account ; and it is not sufficient that one may have to be examined collaterally for the purpose of establishing some one of the issues in the action.

Where in an action on contract, to recover the price of certain lands sold by the. plaintiff to the defendants, and by them sold to a company, of which the plaintiff was made superintendent, and the defense to such action was fraud in the inception of the contract, and the failure of the plaintiff to disburse the moneys of said company properly, thus causing the failure of the enterprise ; and the defendants applied for a reference, on the ground that it would be necessary to examine the accounts of the plaintiff as such superintendent: *held*, that such examination was not directly involved in the issue, and was at most one arising collaterally, and that a reference should not be granted.

(CARDOZO, J., dissenting.)

THIS is an appeal, by the plaintiff, from an order made at special term, appointing a referee to hear and determine the issues in this action.

The action was brought on a written contract made by and between the plaintiff and the defendants, on the 6th day of July, 1864. The contract recited that the plaintiff had conveyed to the defendants a certain mining claim and water-power, near Austin, Lander county, Territory of Nevada, being two ledges of silver ore, called Romulus and Remus; and that the defendants proposed to form a corporation, under the laws of the State of New York, and make the stock of the said company 800,000 shares, divided into shares of $100 each, for the purpose of working said mines, and place the same in operation forthwith, or as soon as the same could be reasonably done. By the contract the defendants agreed to pay the plaintiff $18,750 on or before September 15, 1864, and deliver to him one-fifth of the capital stock of the proposed corporation: "it being understood that said parties of the first part" (the defendants) "intend to carry out the aforesaid purposes, and in case of failure on their part to succeed in said project, then they are to cancel said deed; and the party of the second part" (the plaintiff) "thereupon agrees to cancel this agreement; said deed to remain, until the consummation of the above agreement, in the hands of Charles W. Baker, as an escrow." The complaint states that the defendants organized a company in pursuance of the said contract, and issued shares as therein proposed, and received and accepted plaintiff's deed, and immediately conveyed the property to the Roman Brothers Silver Mining Company, and delivered to the plaintiff one-fifth of the stock of said company; and that the plaintiff demanded of the defendants $18,750, but the same had not been paid, &c. The defendants, in their answer, admit the contract, the organization of the company, the delivery and acceptance of the deed, the conveyance to the company, the delivery of the one-fifth of the stock to the plaintiff, and his demand for $18,750, and set up two defenses: First, "that they were induced to enter into the said contract by certain fraudulent misrepresentations

on the part of the plaintiff." Second, "that by the terms of
the said agreement, the same was to be canceled and given up
if the defendants should not succeed in carrying out the project
in said agreement contemplated and mentioned;" and the
defendants claim that they failed to succeed, and without any
fault on their part, but on account of the fault of the plaintiff.
It appeared from the affidavit used by the defendants on their
motion for a reference below, that the plaintiff had been made
superintendent of the company, and, as such, had received
$14,250, in different payments, to be used in the development
of the mines; that it had not been used for that purpose; and
that plaintiff had rendered an account of said funds, consisting
of seventy-six different items, most of which were disputed, and
all of which would have to be examined, and proof taken of
them, on the trial of this action, and that the trial would involve
the examination of a long account. An affidavit of the plaint-
iff was read on the motion denying the charge of misrepresenta-
tion, or fault, on his part, and that there were any items of
account involved in this action; and alleging that the said sum
of $14,250, received and expended by him in his official capac-
ity as superintendent of said company, had nothing to do with
the issues in this action, and that his accounts have long since
been settled with the company.

Motion for reference granted.

From the order entered the plaintiff appealed to the gen-
eral term.

*Fullerton, Knox & Rudd*, for appellant.

I. The principal issue involved in this action is one of fraud;
such an issue is not referable, and must be tried by jury (Consti-
tution of the State of New York, Art. 1, sec. 2 ; *Levy* v. *The
Brooklyn Fire Ins. Co.*, 25 Wend. 687; 10 How. Pr. 11 ; 18 How.
Pr. 213; 18 How. Pr. 310). The foundation of this action is not
an account; the pretended account urged by the defendants as
the foundation of a claim for a reference is not in the action at
all : (1.) It is not between the parties to the action (*Van*

*Rensselaer* v. *Jewett*, 6 Hill, 373). (2.) If the pretended account is sought to be introduced, to show a reason for the defendants' want of success, it should not be admitted, because the defendants succeeded within the meaning of the contract, as they had organized the company, and accepted the deed, which was to remain in escrow until the consummation of the contract; and having conveyed the property to the company, they were unable to cancel the deed and rescind the contract, and are, at all events, estopped from denying their success. (3.) If the proposed account is in the action at all, it is only collaterally so, and is not the foundation of an action, and is no ground for a reference (*Freeman* v. *Atlantic Mutual Ins. Co.*, 13 Abb. Pr. 125; *Cameron* v. *Freeman*, 18 How. Pr. 310).

II. A collateral issue may be referred without referring all the issues which should not be referred (*Graham* v. *Golding et al.*, 7 How. Pr. 260).

*Marsh, Coe & Wallis*, for respondents.

I. The order appealed from is not appealable. This has been distinctly held in this court, in *Ubsdell* v. *Root* (1 Hilton, 173); the court citing and approving *Gray* v. *Fox* (1 Code R. N. S. 334); *Bryan* v. *Brennon* (7 How. Pr. 359); *Dean* v. *Empire State Mutual Ins. Co.* (9 How. Pr. 69); *Tallman* v. *Hinman* (10 How. Pr. 89); such an order does not involve the merits of the action (*Baker* v. *Nussbaum*, 1 Hilton, 549; *Conlan* v. *Latting*, 3 E. D. Smith, 353). The certificate required by a rule of this court (Code, p. 921) has not been procured in this case.

Under the Code, the authority to refer is much broader than before, for the Revised Statutes restricted a reference to actions founded on contracts (2 R. S., p. 384); but by the Code (sec. 271), there is no such restriction, and an action founded on fraud is referable (*Sheldon* v. *Wood*, 3 Sand. 739), also the issues on a motion for a provisional remedy (*Jackson* v. *De Forest*, 14 How. Pr. 81).

DALY, F. J.—Where the action is one involving the exam-

ination of an account between the parties, in the ordinary acceptation of that term (*Van Rensellaer* v. *Jewett*, 6 Hill, 374; *Thomas* v. *Reab*, 6 Wend. 504), it is, in its nature, referable, depending upon the fact whether it is or is not a long one, which is to be ascertained by the judge to whom the application for the reference is made, and, with his finding or conclusion upon such a point, an appellate tribunal will not interfere, unless a certificate is obtained from the judge that the point is one of sufficient importance or doubt to warrant a review (*Ubsdell* v. *Root*, 1 Hill, 174; *Kinney* v. *Showdy*, Id. 544; *Gray* v. *Fox*, 1 Code R. N. S. 334; *Dean* v. *The Empire State Mutual Ins. Co.* 9 How. Pr. 69; *Parker* v. *Snell*, 10 Wend. 577). But this was not such a case, for the question here was not whether the account was a long one, but whether the examination of an account was at all so directly involved as to make a reference compulsory. The order was therefore appealable (*Freeman* v. *The Atlantic Mutual Ins. Co.* 13 Abb. Pr. 125, and cases above cited). .

An account is not involved, so as to make a reference compulsory, because one may have to be examined collaterally for the purpose of establishing some one of the issues in the action (*Cameron* v. *Freeman*, 18 How. Pr. 310). It must be directly in issue, or there must be no question remaining to be determined, except the adjustment of the items constituting the account (*Keeler* v. *The Poughkeepsie & Salt Pond Plank Road Co.* 10 How. Pr. 11). It was not the intention, said Bronson, J., in *Dederick's Adm'rs* v. *Richley* (19 Wend. 108), to take away the right of trial by jury merely on ground that the accounts and dealings of the parties might *incidentally* come in question, but to provide for those cases only where an account was *directly* involved in the issue, and where little was to be done beyond a proper adjustment of the dealings of the parties. Nor is it involved because a number of separate and distinct facts or items will have to be proved by a large number of witnesses (*Sharp* v. *The Mayor &c. of New York*, 18 How. Pr. 213). An account, said the court, in *Freeman* v. *The Atlantic Mutual Ins. Co.* (13 Abb. Pr. 125), is a series of charges for goods sold, &c., &c., and not one introduced in evidence for the

purpose of estimating damages. It is the foundation of the action; and it was held in this case, that, although the quantity and value of the goods alleged to have been lost were necessarily involved, yet as both issues involved a charge of fraud, the cause could not be referred, as such questions are properly to be tried by a jury. In *Thomas* v. *Reab* (6 Wend. 503), an order of reference was vacated as unauthorized in an action for the breach of the covenants of a lease, although the whole time occupied at the trial—ten hours—had been spent by the plaintiff in examining witnesses as to the items of his damage; his claim embracing a great number of items, and although the judge at the trial, upon his own motion, had ordered the reference. In an insurance case, where every thing was admitted but the amount of the plaintiff's loss, a reference was ordered, as the plaintiff's claim embraced a great variety of items (*Samble* v. *The Mechanics' Fire Insurance Co.* 1 Hall, 560). It may be doubted whether this was in strictness an account (*McCullough* v. *Brodie*, 13 How. Pr. 346), or any thing more than the ordinary proof of the items of damage in an action, and, if the case is maintainable, it is solely upon the ground that nothing else remained to be ascertained in the action. In an insurance case, although the property destroyed consisted of a variety of articles, differing in quantity and value, an order of reference, made by the circuit judge, was vacated, because there was also involved questions of fraud, which, the court held, the plaintiff was entitled to have tried by a jury (*Levy* v. *The Brooklyn Fire Ins. Co.* 25 Wend. 687). In *Sheldon* v. *Wood* (3 Sandf. 739), a reference was ordered in an action brought to recover back money alleged to have been fraudulently charged in an account between the parties, but here the question directly involved was the correctness of the account, which brought the case within the provisions of the statute authorizing a reference, although there was a question of fraud.

In the present case, the action was brought upon a written contract, by which the defendants acknowledged that the plaintiff had conveyed to them a mining claim in Nevada Territory, for which they engaged to pay him by a certain date $18,750, for the recovery of which the action is brought. The agree

ment set forth that the defendants propose to form a corporation for the purpose of working the mine as soon as it can be reasonably done; that the plaintiff, in addition to the payment of the sum above mentioned, is to have one-fifth of the capital stock of the corporation; that in the event of the failure on the part of the defendants to succeed in said project, they are to cancel the deed of the plaintiff, and the plaintiff is to cancel the agreement, and that the deed is to remain in the hands of Baker, one of the defendants, until the consummation of the agreement.

The complaint set forth that the company was organized; that the deed was delivered by Baker to the defendants; that they immediately conveyed the property to the Roman Brothers Silver Mining Company; that they delivered to the plaintiff one-fifth of the stock of that company, and that he has demanded of the defendants the $18,750 due by the terms of the contract.

The defence of the defendants is, *first*, fraud in the inception of the contract; *second*, that they failed to succeed without any fault on their part, but on account of the fault of the plaintiff, and that they are entitled to have the agreement canceled.

The grounds upon which the defendants obtained the order of reference were these: That the company organized by them, and of which they are the chief members, paid to the plaintiff the sum of $14,250, which was entrusted to him as the general superintendent of the company, for the purpose of carrying out the project and putting the mine in operation. That the plaintiff instead of devoting the money he had received to the purpose for which it was paid, appropriated a large amount of it to his own use. That they failed to succeed in the project, and that their failure was caused by the neglect of the plaintiff himself and, *among other things*, by his appropriation to his own use of a large amount of the money entrusted to him. That he rendered an account for the purpose of showing that the money received by him was expended in the business of the company, and that the failure of the project did not arise from his fault or neglect; that the account consists of seventy-six items, most of which are disputed, and all of which will have to be examined and proof taken respecting them.

In answer to the motion, the plaintiff testified that he received the $14,250 as the general superintendent of the company, to be disbursed for them in his official capacity, at their mines at Nevada; that his disbursement and accounts have been settled long since, and that all differences of every kind that ever did exist between himself and the company have long since been settled, and general releases passed between him and them.

It is apparent upon the defendants' own showing that this $14,250, or the use made of it, is not directly involved in this action. The defendants do not seek, and if they did could not recover, in this action, any part of it, for the plaintiff received it from the company, and for the use which he made of it he is accountable only to them. There is to be no adjustment and settlement of it in this suit, and indeed I doubt whether the defendants can go into it at all, as they are no longer in a position as individuals to cancel the plaintiff's deed, having conveyed the property to the company; but even if they should have the right to inquire into the disposition which they plaintiff made of it, and to dispute the items in the account which he gave to the company of the disbursement of it, it would not be a matter directly involved in the issue, but one arising collaterally as evidence tending to establish their defence that the project failed without any fault on their part, and that they were entitled to be released from the agreement. The items of loss and injury, in an ordinary action for damages, are much more directly involved, as they constitute a part of the recovery, and yet such actions are not referable, however numerous or varied the items of damage may be.

In *McCullough* v. *Brodie* (13 How. Pr. 346), the plaintiff sued the defendant for falsely representing that he had the secret of and the exclusive right to manufacture a certain kind of soap, upon which representation and the defendant's promise to instruct him how to make the soap, the plaintiff bought the secret for a valuable consideration, and incurred great expenses in establishing a factory and in purchasing materials, whereby he incurred loss. He moved for a reference, alleging that the items of damage resulting from the establishing of the factory

and the purchasing of materials would involve the examination of a long account, but his application was denied upon the ground thas this was not an account in the ordinary acceptation of the term, as the trial would not involve an enquiry in relation to payments made by either to, or property received by either from, the other. This was the court's view of the species of account for which a reference would be ordered, and it applies to the present case. No such account exists here. The questions involved are fraud in the inception of the contract, and bad faith on the part of the plaintiff in the embezzlement of the money entrusted to him by the company for the working of their mine, and it is the plaintiff's right to have these questions tried by a jury. The order directing the reference should therefore be reversed.

BRADY, J.—The defense in this case rests upon charges of fraud against the plaintiff, the proof of which partially consists in showing that the plaintiff misappropriated a sum of money given to him for a purpose specifically connected with the subject-matter of his claim. The plaintiff denies the charge, and gives in detail the items of expenditure, making up the total of the sum received by him. That the trial may be characterized by incidents which will warrant or require the examination of such items may be conceded ; and yet the case is not necessarily one in which a reference should be ordered. The action is one on contract. In such actions, a reference may be ordered, but only where the gravamen of the complaint involves an account of which a judgment is to be predicated. The condition or accuracy of the account, in other words, being the issue upon which the judgment depends, and upon the finding as to which the court should base its action in reference to the demand made. In this case, the accounting or examination of a long account is incidental or collateral, and not affirmative. It relates to a defense which it may prove or disprove, but of which, as an account, no judgment can be predicated. If the defendants sustain by it the allegation that the plaintiff failed to perform his part of the contract made between the parties, they may be entitled to judgment in their favor, and nothing

more. It is no part of the plaintiff's case; on the contrary, it may, or may not, be necessary to examine it in rebuttal of the defendants' charge, the whole subject depending upon the defendants giving such proof as calls for the evidence of a proper appropriation of the fund to which it refers by the plaintiff. In the case of *Hatch* v. *Wolfe*, to which Judge Cardozo refers, the account *related expressly to the demand of the plaintiff*, and the action was one of covenant. I dissented from the judgment of my brethren in that case, but I submit to its authority. I think it is not in conflict with the conclusion of Judge Daly on this appeal, for the reason that the items to be examined were the sums claimed as damages for a violation of the covenant to keep the plaintiff's premises in repair, and were to be regarded as money paid, or to be paid, on behalf of the defendant in that action. In *Devlin* v. *The Mayor*, the action was also on contract, and in part rested upon a balance claimed, to ascertain the accuracy of which the examination of an account became necessary, in the opinion of the judge at special term. The account was, therefore, the gist of a branch of the plaintiff's action, and upon which that part was based. It was affirmative, therefore, and not collateral. I think the conclusions of Judge Daly are sustained by authority. I concur with him. The order at special term should be reversed.

CARDOZO, J.—This action is on contract. It is therefore referable in its nature; and, unless we mean to over-rule a great number of authorities, including several very recent ones in this court in which the opinions were written by Judge Daly, and as to the accuracy of which I have not the slightest doubt, and which, at all events, it is better to adhere to, so that the practice may be settled instead of being considered vacillating and changeable, this appeal should be dismissed (*Hatch* v. *Wolfe*, Nov. Genl. T., 1865; *Devlin* v. *The Mayor*, July Genl. T., 1866). In the latter case, Daly, First Judge, said: " If an action is not in its nature referable, as in actions for defamation or in assault and battery, an appeal will lie from an order of reference, but if the action *is of the class* in which references are allowable, and there was any evidence be-

fore the judge that it would require the examination of a long account, an appellate court will not review his determination upon that point, but will regard it as conclusive and final." Again, in *Hatch* v. *Wolfe*, Daly, First Judge, said: "This is not an action for a tort, but for a breach of a covenant to keep premises which had been demised to the defendant in good and tenantable repair, and the order directing a reference upon the ground that it would require the examination of a long account is not an order affecting the merits, or which involves a substantial right, and is not appealable."

If those cases were correctly decided, they are decisive of the present appeal. I do not know of any reason why we should make a new or different rule for this case. I need only add that in my judgment this case presents an account, *and a very long one*, which must be examined, and that the Code, which is broader than the Revised Statutes upon the subject of references, authorizes a reference where the trial will require the examination of a long account on "*either side*" (§ 271).

I do not think it worth while to review the cases cited by Judge Daly, or to cite others decided since the Code in which references were ordered where the account only incidentally came into question, because I consider it enough to say, borrowing Judge Daly's own views in the cases I have cited, that this being an action on contract and referable in its nature—belonging to the class of actions that may be referred—and there being evidence of an account before the judge at special term, the order made below neither affects the "merits," nor involves a "substantial right," and it is therefore plain that the appeal should be dismissed.

Even if the decisions made by Judge Daly, and in which no account existed in any sense different from the one in the present case, were erroneous, I think it would still be better to adhere to them, because it is not of much importance how the practice is settled, but it is of the greatest importance that when once declared it should be adhered to.

I think the appeal should be dismissed with costs.

Order reversed.