## ABRAM J. DITTENHOEFFER *against* JOHN D. LEWIS.

In an action to recover for services as an attorney and counsel, in which the performance of all the services (but not their value) was admitted, except as to two separate and distinct items, as to which the statute of limitations was pleaded : *Held*, that the trial of the issues did not require the examination of a long account, so as to allow a compulsory reference to be ordered.

The defendant having in his answer denied the performance of the services, as well as their value, he was allowed on the appeal from the order of reference to stipulate to admit their performance on a trial before a jury, and thereupon the order of reference was reversed.

APPEAL by defendant from an order of this court made at special term, directing (against the defendant's opposition), a reference to hear and decide the issues, on the ground that the trial would require the examination of a long account.

The action was brought to recover $5,000 for the services of the plaintiff as attorney and counsel, and the plaintiff served a bill of particulars, which extended over a period of several years, and included about thirty items.

The defendant answered—1, by denying any indebtedness ; 2, by a general averment of payment in full for all services rendered by plaintiff; 3, by setting up the statute of limitations.

The court at special term held that the case came within the rule laid down in *Schermerhorn* v. *Wood* (4 Daly, 158), and therefore granted the motion to refer, but intimated that had the services, value, &c., been admitted, and a receipt or release in full been relied on, that there could be no ground for a reference, until the issues as to payment had been disposed of; but that under the pleadings the motion must be granted.

On the hearing of this appeal, the attorney for the defendant therefore filed a stipulation, that on the trial of the issues before a jury he would admit that the plaintiff performed the services detailed in the bill of particulars, and that such services were rendered at times therein specified, except as to the items "from September 24th, 1864, to February 28th, 1865, $500,"

and the items " from June, 1864, to March, 1865, $375," and as to those items he insisted that they were barred by the statute of limitations.

The item of $500, as set out in the bill of particulars was for "attending A. B. on same matter" (suit of *Hammond* v. *Lewis*), "numerous other attendances on consultations with defendant and other persons in relation to this business, preparing various affidavits and papers in relation to this matter, and finally settling the same—extending over a period of four months, and up to February 28th 1865."

The item of $375, as set out in the bill of particulars was for "numerous attendances and consultations about the case of Anderson and the other case, and about various other parties, letters, &c., a period from the month of June, 1864, to May, 1865."

*John A. Foster*, for appellant.

*Runkle & Englehart*, for respondent.

DALY, Chief Justice.—The stipulation filed by the defendant admits that all the services mentioned in the bill of particulars were rendered at the times therein stated, except two items in the bill (of $500 and $375), to which the defense of the statute of limitations is set up. This disposes of the question of the plaintiff's right to a reference. The two items excepted relate each to distinct subject-matters, and do not in themselves constitute an account. They are not even in the bill separated into items, and all that the plaintiff will have to show is what he did under these two heads, and whether what he did in one case was worth $500 and in the other $375. All the other services being admitted, he will merely have to prove their value, which he may do by proving the value of each item or the value of the whole collectively. An account is not involved, because a number of items or distinct facts will have to be proved (*Turner* v. *Taylor*, 2 Daly, 282; *Sharp* v. *The Mayor &c. of New York*, 18 How. Pr. R. 213; *Thomas* v. *Reab*, 6 Wend. 503; *McCullough* v. *Brodie*, 13 How. Pr. 346), and that

is all that there is in this case to constitute an account. The order directing a reference should be reversed.

LARREMORE and LOEW, JJ., concurred.

Order reversed.