EDWIN M. FELT, Respondent, *v.* HENRY D. TIFFANY and OTHERS, Appellants.

*Action for legal services — when referable.*

An action by an attorney upon a retainer in a single action, for a gross sum in compensation of his services, is not referable from the mere fact that the steps and proceedings in the prosecution of the action have been numerous, and that their value may, if he chooses, be proven either separately or in gross.

Appeal from an order of the Special Term directing a reference of this action.

*Albert Stickney,* for the appellants. The authorities are uniform that the court has, in such a case as the present, no power to refer. (*Brink* v. *Republic Fire Ins. Co.,* 2 Sup. Ct. [T. & C.], 550; *Swift* v. *Wells,* 2 How., 79; *Van Rensselaer* v. *Jewett,* 6 Hill, 373; *Thomas* v. *Reab,* 6 Wend., 503; *Miller* v. *Hooker,* 2 How., 171; *McCullough* v. *Brodie,* 13 id., 346; *Freeman* v. *Atlantic Mut. Ins. Co.,* 13 Abb., 124; *Dickinson* v. *Mitchell,* 19 id., 286; *Dittenhoeffer* v. *Lewis,* 5 Daly, 72; *Evans* v. *Kalbfleisch,* 16 id. [N. S.], 13; *Flanders* v. *Odell,* id., 248.)

*Luther R. Marsh,* for the respondent.

Davis, P. J.:

The complaint in this action alleges services rendered by the plaintiff and his copartner, on the retainer of the defendant, in the prosecution of an action in this court, and of appeals taken therein to the General Term and to the Court of Appeals. It is, therefore, an action on contract, and, so far as that fact goes, supplies one of the requisites which constitute a referable action. Under the established rules of practice, in addition to being on contract, the action must, necessarily, involve the examination of a long account, and in this respect the action seems to us to fall short.

The plaintiff alleges a single cause of action. The services rendered are in a single suit, running through its various stages, for all of which he makes but a single charge in gross, to wit, the sum of $40,000. The bill of particulars accompanying the affidavit shows no separate charges for distinct items of service, but only the various services and proceedings for which he charges the gross sum claimed in his action. In *Bathgate* v. *Haskin* (59 N. Y., 533) the court says, in speaking of a similar cause of action: "The contract of the attorney is entire, and the service he is to render is essentially single, although it may require distinct steps and proceedings on his part before the purpose of the employment is fully accomplished. No right of action accrues for each successive service in the progress of the case, and the statute (of limitations) does not begin to run against his claim for compensation until his relation as attorney in the suit has terminated. The client may

terminate it at his pleasure, or the attorney may do so after reasonable notice; but in the absence of proof to the contrary, the presumption is that it continues until the litigation has ended." It is obvious that the demand of the plaintiff in this action may be established in either of two modes: One by calling competent witnesses to testify to the value of his services in gross, upon a statement of each particular service rendered; the other, by fixing special values upon particular items of service; but the fact that this latter mode of proof may be adopted does not change the demand into a long account within the meaning of the statute authorizing references of actions, where the trial will involve the examination of a long account.

In *Brink* v. *Republic Fire Insurance Company* (2 N. Y. S. C. [T. & C.], 550) the action was brought upon four policies of insurance issued upon a single stock of goods. The items of the stock of goods exceeded fifty in number, and upon the trial it would be necessary to prove the value of the stock as a whole, or of the items in detail. The action was held in that case not to be referable, because it did not involve the examination of a long account.

The excellent opinion pronounced by ROBINSON, J., in *Martin* v. *Gould*, in the Court of Common Pleas in this city has been furnished to us. That case was very strongly analogous to the present one, it being an action brought by attorneys to recover a gross sum of $75,000, for services rendered upon the retainer of the defendant. The court held that the item of $75,000 was an aggregate charge for separate acts and services, which in themselves were matters of distinct estimate or valuation; that it did not arise upon transactions in respect to which there were separate contracts, express or implied, such as would arise upon the purchase of distinct bills of goods, or an employment in separate matters of service which would constitute legally distinct items of charge, and the motion for a reference was denied.

In *Thomas* v. *Reab* (6 Wend., 503) BRONSON, J., denied the motion to refer, on the ground that one bill of goods containing fifty different items, delivered at the same time, was, in fact, but one item.

In *Dickinson* v. *Mitchell* (19 Abb., 286) which was an action for attorney's services similar to that at bar, the court said that "the

bill of particulars in this case is not an account in the ordinary legal sense of the term."

In *Dittenhoeffer* v. *Lewis* (5 DALY, 72), which was an action brought to recover for the services of the plaintiff as attorney and counselor, a bill of particulars having been served, containing many distinct items of service, the court said : "An account is not involved because a number of items or distinct facts will have to be proved, and that is all there is in this case to constitute an account." The order directing a reference was in that case reversed.

The cases bearing upon that question, directly or remotely, are numerous, but we think no more need be cited to establish that, under the settled rules of practice, an action brought by an attorney upon a retainer in a single action, for a gross sum in compensation for his services, is not referable, from the mere fact that the steps and proceedings in the prosecution of the action have been numerous, and their value may, if he choses, be proven either separately or in gross.

But if this action were referable, the question of its reference would be a purely discretionary one ; and we think, upon the whole case as presented by the papers before us, the issue ought not in that point of view, to have been referred. It appears already, by the answer, to have been submitted to a very competent arbitrator, with whose determination, upon the question of the value of the services, the plaintiff seems not to have been contented. This fact, together with the amount demanded by the plaintiff, seems to bring the case within the suggestions made by this court in the case of *Martin* v. *Windsor Hotel Company*, lately decided and reported 10 Hun, 304, in which we regarded it as our duty to send an action of similar character to trial before a jury, instead of to a professional referee.

We think the order below should be reversed, with ten dollars costs besides disbursements, and the motion for reference denied, with ten dollars costs.

DANIELS, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs, besides disbursements ; motion for reference denied, with ten dollars costs.