## N. Y. COMMON PLEAS.

### Amos G. Hull agt. James M. Allen.

*Reference — When compulsory reference will not be ordered in an action by an attorney for services.*

Where, in an action by an attorney for services germane to one subject of litigation and rendered under one retainer, although the specific acts were numerous, no issue is made upon the rendition of the services, but only upon their value, the trial will not require the examination of a long account so as to call for a compulsory reference.

*At Chambers, November,* 1883.

This action was brought to recover $13,214.87, a balance claimed for services rendered to the defendant, *In the Matter of the Estate of John Hancock,* and suits growing therefrom. The services commenced in 1874 and ended in the spring of 1883.

The answer admitted the services, but charged exorbitancy in charges; set up that they were rendered to defendant solely as executor; that the surrogate had made an award, and that the plaintiff had agreed to abide by the amount of award when he first connected himself with the case and payment of $8,800. The bill of particulars was twenty-eight pages long and was made up largely of entries from the register of plaintiff.

A motion was made for a reference by plaintiff, and upon such motion the following decision was rendered:

*Andrew Lemon* and *Joseph Fettretch,* for defendant.

*Amos G. Hull,* plaintiff in person; also *Childs & Hull,* attorneys for plaintiff.

BEACH, *J.* — There is a question concerning the agreement between the parties for the plaintiff's professional services materially affecting the right of recovery. This should be

submitted to a jury, unless the items of plaintiff's account are so numerous and of such a character as to render it unlikely that a jury could carry them in mind with the accuracy required for intelligent consideration and a just conclusion. The labors of the attorney were germane to one subject of litigation and rendered under one retainer, although his specific acts during a persistent and lengthy contention were numerous, still it by no means follows that each and everyone must be shown with its value. This is not indicated by the bill of particulars, where but one sum is affixed to all the items. There seems to be no issue made upon the rendition of the services, but only upon their value, being the amount in gross demanded by the plaintiff.

The trial, in my opinion, will not require the examination of a long account so as to call for a compulsory reference (*Dittenhoefer* agt. *Lewis*, 5 *Daly*, 72; *Felt* agt. *Tiffany*, 11 *Hun*, 62, *and cases cited*).

Motion denied.