# SUPREME COURT.

## MATTHEW HALE *et al.* agt. JOHN SWINBURNE.

*Reference to hear and determine issues — action for attorneys' services, when referable.*

In an action on an attorney's account, where the allegations of the complaint allege a general retainer and the performance of various services in criminal proceedings, *quo warranto,* and other matters, and the moving

Hale *et al.* agt. Swinburne.

affidavits on motion for reference set forth more plainly that these services were rendered in many and different proceedings and cases, and upon separate, distinct and several requests, and there is no denial of any portion of the affidavit, except defendant alleges in his affidavit that plaintiffs were acting only about matters connected with a certain election.

*Held.* It is a proper case to refer, and does not come within the line of decisions that hold where services in only one action are involved that ought not to be a reference (*Bean* agt. *Bank of Elmira*, 19 *W. D.*, 206, *distinguished*).

THIS was a motion made by plaintiffs after the joining of issue for an order appointing a referee or referees to hear and determine the issues herein.

The statement of facts contained in the pleadings and affidavits upon which the application was made are sufficiently set forth in the opinion.

An appeal was taken from the order appointing the referee, and the general term affirmed the order, basing their decision upon the following opinion, written at special term.

*Albany Special Term, July,* 1884.

*Alpheus T. Bulkley,* for motion.

*Henry Smith,* opposed.

PECKHAM, *J.* — The plaintiffs make a motion for a reference, which is opposed by the defendant. The plaintiffs in an affidavit show that the action is brought by them for services rendered as attorneys and counselors-at-law for defendant, and that the trial of the cause will necessarily require the examination of a long account.

A bill of items of plaintiffs' claim is annexed to the affidavit, which bill embraces the rendition of services between the 12th day of April, 1882, and June 30, 1883, and covers several pages of legal cap paper in enumerating its various items.

It further appears from the affidavit that the services were

rendered in various matters and proceedings, and reference is made to the bill of items as confirmatory of such allegation; and it is also stated in said affidavit that many of such services were rendered on the special and separate request of the defendant; and the affidavit then enumerates quite a number of services thus performed before the recorder of Albany in relation to criminal charges against inspectors of election and in regard to alleged frauds in the seventh ward, and other services, and the affidavit states positively that these services were separate and distinct from the *quo warranto* action, and were performed upon distinct and several requests of defendant.

The defendant submits an affidavit in which he says that "the only business that has transpired in which the plaintiffs were pretending to act on any side in a case or other matter in which I was in any wise connected as a party, or personal in any wise, was about matters connected with the late election, at which it was claimed I was elected mayor and the certificate was awarded to Michael Nolan." The defendant then said that so far as he knows there is no dispute as to what services were actually performed by the plaintiffs, and that the points mainly in issue in this case are : 1. What was the retainer, if any ? and, 2, were the services of any value to the defendant or any one else ?

The defendant then adds his opinion that the administration of justice would be better assured if the issues in this action could be tried by a jury.

The complaint alleges that the defendant retained the plaintiffs; and then alleges the performance of various services in divers criminal proceedings, and also in an action of *quo warranto* and in other matters, and states the value of the services performed.

The answer denies that defendant retained or employed the plaintiffs to perform for him the services mentioned in the complaint, and denies that any such service as is alleged in the complaint was performed by the plaintiffs, or either of them.

The general term has decided that the answer herein puts in issue the services rendered.

In this respect the opinion of the general term is at war with the opinion of the defendant as expressed in the second paragraph of his affidavit, for the general term holds that the answer puts in issue the rendition of the services themselves, aside from the questions which defendant in his affidavit regards as alone in issue, viz., for whom were the services rendered and what was their value.

Upon these papers has a case been made out in which an order of reference, aside from any question of discretion, would be a valid order? It may be here assumed that there should be a claim for services performed in more than one action or proceeding in order to justify a reference, although I am not prepared to go to the length of stating such a rule under all circumstances.

Here the affidavit of one of the plaintiffs is clear and unequivocal, showing the performance of many different services in many separate and distinct proceedings, and upon separate, distinct and several requests from the defendant.

This is not denied by the defendant, but as already stated, he alleges that the business in which plaintiffs were pretending to act on any side in which the defendant was connected as a party or personal, was about matters connected with the late election, at which it was claimed defendant was elected and the certificate was awarded to Michael Nolan.

This is no denial of the allegation of plaintiffs pointedly made, that in many different matters and proceedings, both civil and criminal, and particularly specified in plaintiffs' affidavit, the plaintiffs rendered services at the special and separate request of the defendant in each matter.

It may very well be that all services had relation to matters connected with the election for mayor, and yet it may equally well be that many services performed in such connection were in separate and distinct matters, some civil, some criminal, some in which defendant was a party and some in which the people were parties; some having one purpose and some having another and totally distinct purpose in view; the relief

asked for or to be awarded was different in different cases, the civil proceedings of *quo warranto* having for their object the placing the relator in the office of mayor, while the criminal proceedings had for theirs the punishment of criminals for a violation of law.

The evidence ·taken in one matter was inadmissible in any other, and the employment of the plaintiffs to perform the services incident to any one of the proceedings enumerated would not include the performance of any of the other services enumerated in the plaintiffs' affidavit.

This case is, therefore, brought entirely out of that line of decisions holding that a case ought not generally to be referred where the services in one action only are involved; the reason being that in such case the contract of the attorney is entire to carry out the suit to its termination, and the various steps which he takes in the case do not aid in making up a long account, within the meaning of the law.

It seems to me clear that this case is in such view essentially different. In this light, there is no conflict between this case and that cited by the counsel for defendant of *Bean* agt. *Bank of Elmira* (19 *Week. Dig.*, 206).

I have seen the opinion of the court in that case delivered by LEARNED, P. J., and the fact of there being but one action, a single retainer for services in one action only is the ground upon which the decision therein rests.

I think this is clearly a referable case. Should it be referred? I am quite clear upon that question also, and I think it should. The affidavit of plaintiff, the pleadings and the affidavit of defendant, taken together, quite convince me that there is on *the record* a dispute as to the rendition of services, as to whom they were performed for, if performed at all, and as to their value; in other words, there are issues as to all the material matters going to make up a case in favor of plaintiffs and against defendant, excepting as to the partnership and the profession of the plaintiffs. If an attorney's account should ever be referred it seems to me that this is such a case.

Hale *et al.* agt. Swinburne.

I am not prepared to say that a claim on the part of an attorney against an individual for services rendered in many and different proceedings and cases upon separate, distinct and several requests, embracing a very large number of items and quite a number of separate and distinct proceedings, should never be referred, and, on the contrary, I think this is a very proper case for such reference.   I have not overlooked the allegation in the complaint, that on the 12th April the defendant retained plaintiffs and requested plaintiff Hale to take charge of various civil and criminal proceedings, &c., but upon reading the affidavit of one of the plaintiffs, which, upon that point, is undenied by defendant, the allegation is plainly made that there were various services, and separate, distinct, and several requests by defendant for their performance.

The allegation in the complaint is obviously directed more to the fact of a retainer by defendant than to the question of the separate and distinct services, and this question of the character of the services, their rendition upon several and distinct requests, is met in plaintiffs' affidavit used for this motion, and a detailed statement of the distinct and separate services rendered is given, and there is no denial of any of this portion of the affidavit in the answering one of defendant.

Upon the whole case, I think the facts render a reference the appropriate disposition to be made of this case.   I shall order the case referred to three referees, one lawyer and two laymen, as suggested on the argument, and if an agreement cannot be had as to the referees the court will name them.

The order may be settled before me on two days' notice.

NOTE.—An appeal was taken from the order appointing the referee, and the general term affirmed the order, basing their decision upon the foregoing opinion, written at special term.—[ED.