EDWARD VAN ORDEN *et al.*, Appellants, *against* SAMUEL J. TILDEN, Respondent.

(Decided December 28th, 1885).

An order referring the trial of issues of fact in an action, upon the ground that the trial will require the examination of a long account, will not be reversed upon an appeal unless it is palpable that no such account can be involved.

In an action for work done and materials furnished, in which a counter-claim for damages for breaches of contract was set up, a reference was ordered upon affidavits that more than one hundred items in the plaintiff's bill of particulars were in dispute and the whole of the counter-claim. *Held,* that the order of reference should be affirmed.

A reference is allowed in actions upon contract, where numerous items are contested, from the intrinsic difficulty of deciding such a controversy without the instrumentality of a referee.

APPEAL from an order of this court referring an action to a referee to hear and determine.

The facts are stated in the opinion.

*A. R. Dyett*, for appellants.

*Dixon, Goodwin & Williams*, for respondent.

CHARLES P. DALY, Chief Justice.—This case comes within the rule laid down by the Court of Appeals, in *Welsh* v. *Darragh* (52 N. Y. 590), that if the facts show that the examination of a long account may be necessary, and the court below has decided to refer the action, an ap-

pellate court will not interfere ; that it will do so only where it is palpable that no such account can be involved. The bill of particulars there was for the sale and delivery of various articles of merchandise, consisting of twenty-six items. The defendant admitted that he had the number and quantity, *but not the articles charged*. This peculiar form of denial the court regarded as amounting to a traverse that would require the plaintiff to prove his account, at least to the extent of identifying the property delivered with the property charged ; that to some extent the account would have to be examined and the several items considered upon the trial, which the court thought brought the case within the reason for ordering a reference.

The action in the present case was brought for work done and materials furnished, to which there was a counterclaim ; and the defendant who moved for the reference swore that more than one hundred items in the plaintiffs' bill were in dispute, and the whole of the counterclaim. The only difference therefore between this and the case above cited, is that this is an action for work and materials, and the other was for the sale and delivery of merchandise ; but this does not affect the question whether a reference should be ordered or not, for there may be a long account in a claim for work and materials, as well as in one for the sale and delivery of merchandise.

The word " account," as will be found by looking into Murray's New English Dictionary (Oxford, 1884), where four columns are devoted to it, is a word of wide and varied signification. An account, in its most general meaning, is a reckoning or statement of items or details. It is not necessary that there should be, as the appellant claims, items upon both sides, for there may be a long account of sales of merchandise, or of work done, or materials furnished, embracing only the items of the merchandise delivered or of the work done ; and it is expressly provided by statute that if the action is on contract and the trial of it " will require the examination of a long account *on either side*," it may be referred (L. 1845, p. 163 ; 2 Jones & Varick, N. Y. L.

p. 270); and in an insurance case, where the injury sustained by the plaintiff was the only question, and it embraced a great variety of items, the action will be referred, as the amount or extent of the loss can be more conveniently ascertained in that way than upon a trial by jury (*Samble* v. *The Mechanic Fire Ins. Co.*, 1 Hall 560). It does not, however, follow, merely because the claim embraces a great number of items, that a reference will be ordered, for there may have been but one delivery (*Swift* v. *Wells*, 2 How. Pr. 79), nor will it, in all cases, be ordered where there has been a delivery even at different dates (*Smith* v. *Brown*, 3 How. Pr. 9).

A reference is ordered for the trial of an action where an account or accounts have to be investigated and examined to ascertain the true state of the indebtedness, in which cases the referee has to exercise more or less of the functions of an auditor or accountant; or it will be ordered where many items in the claim are contested, in respect to each of which items separate evidence will necessarily have to be given, because it is very difficult, or impossible, if the items are numerous, for a jury to keep in their mind the exact evidence as to each particular item, so as to pass intelligently upon all in arriving at the general result, which a referee can do, as the evidence is taken down in writing, and he has the opportunity, after the case is submitted, to read over every part of the testimony, thoroughly and carefully, before making his decision. There may be a long account on either side, as in an ordinary bill of parcels; but that is not what is meant by "the examination of a long account" in the Colonial Statutes of 1768 and the succeeding statute of the state in 1788 (2 Jones & Varick N. Y. L. 270). The examination there referred to, in the language of Chief Justice NELSON in *Silmser* v. *Redfield* (19 Wend. 22), applies only to cases where accounts, in the common acceptation of that term, exist that may require examination. It does not apply to actions of tort, however numerous may be the items of the damages involved (*Johnson* v. *Parmly*, 17 Johns. 129; *Harris* v. *Bradshaw*, 18 Johns.

27), which cannot be referred unless the reference is by consent, under the statute of 1845 and subsequent legislation. The statute applies, he says, " to a case where something may be *due* to one party or the other, and not to cases sounding in damages."

Broadly expressed, a reference is allowed in actions upon contract, where numerous items are contested, from the intrinsic difficulty of deciding such a controversy without the instrumentality of a referee ; and this is a case of that kind, as more than one hundred items in the plaintiffs' claims are contested, with which is involved the damages claimed in the counterclaim for breaches of the plaintiffs' contract.

The order should be affirmed.

LARREMORE and VAN HOESEN, JJ., concurred.

Order affirmed.