"Dugro, J.
The contract upon which this action is based contains a provision whereby the defendants are alleged to have agreed that they would bear a certain proportion of such costs, charges and expenses as have been or may hereafter be paid or incurred in or about the prosecuting, conducting and carrying on of certain bankruptcy proceedings ; and in and about the suing for, collecting and recovering of any of the estate, property and effects of certain bankrupts. It seems that by this agreement an account of the costs and charges past and future was necessary to be kept. The bill of particulars shows such an account to have been kept. I see nothing in the papers submitted to arouse suspicion of an exorbitant charge, and the cause of action is not for services rendered in a single suit. The action is one ex contractu, involving the examination of a long account within the meaning of the rule applicable to such cases, and so should be referred (Chambers v. Appleton, 84 N. Y. 649; see also, Hossack v. Heyerdahl, 38 Super. Ot. 391).”
Defendants appealed to the general term from the special term order granting the motion.
*250 B. F. Watson, for the respondent in person, argued :—
I. The general doctrine as to compulsory references where numerous items are contested is illustrated by Van Orden v. Tilden, 13 Daly, 396; O’Brien v. The Catskill R. R. Co., 32 Dun, 636; Stebbins v. Cowles, 30 Bun, 532.
II. Under section 1013 of the Code of Civil Procedure, and under section 271 of the Code of Procedure, this .court has uniformly referred actions by attorneys for services. Opinion of Rapallo, J., in Townsend v. Hendricks, 40 How. Pr. 162; Gregory v. Seaman, 51 Super. Ct. (J. & S.) 517; Bowman v. Sheldon, 1 Duer, 607. In Hartwell v. Albert (Super. Ct., Special Term, 1881, 3 Month. Law B., 77) a reference was denied in an action where the items of the account numbered only fifty-four, because all these were admitted, leaving only five items in dispute. Also in Bates v. Eagleton Mfg. Co., 10 Civ. Pro. B. 218 (N. Y. Super. Ct. 1886) a reference was denied because the motion papers were insufficient, and did not show that the examination of a long account was involved. References in actions by attorneys, have also been made by other courts: see Schennerhorn v. Wood, 4 Daily, 158; Byrne v. Delamater, 1 Month. L. B. 62 ; Hale v. Swinburne, 17 Abb. N. C. 381; Carr v. Berdell, 22 Dun, 130.
III. The decisions of the court refusing in actions by attorneys for services to grant a reference, can be classified in five general classes; and a casual inspection will show that this case does not come within any of these classes. (1.) Actions, in which, by reason of admissions in the answer, the items of a long account have been narrowed and reduced, so as to leave but a small portion of the account necessary to prove. Of this class will be found the following decisions: Hartwell v. Albert, 3 Month. L. B. 77; Dittenhoefer v. Lewis, 5 Daly, 72; Adams v. City of Utica, 6 Civ. Pro. R. 294. (2.) Actions in which the services sued for were all rendered in one action. Benn v. First Nat. Bank, &c., 19 *251 Weekly Dig. 206. (3.) Actions in which the services sued for were charged and sued for in a gross sum. Felt v. Tiffany, 11 Hun, 62 ; Davis v. Walsh, 48 Super. Ct. (J. & S.) 515; Hull v. Allen, 4 Civ. Pro. Rep. 300. (4.) Actions in which a long account was not involved. Merritt v. Vigilius, 28 Hun, 420; Martin v. Gould, 13 Civ. Pro. Rep. 45. (5.) Actions in which the defense is interposed, that the charges are exorbitant and excessive. Martin v. Windsor Hotel Co., 10 Hun. 304. In this last named case, the opinion, while it holds that the court has the undoubted discretion to order a reference, held that under the circumstances of that case a reference should not be ordered. In a later case (Carr v. Berdell, 22 Hun, 130), in granting a reference, the court said : “ There may have been occasions calling for the remarks in some of the cases cited by the appellant, deprecating references to attorneys of actions by attorneys for professional services, but no occasion for such remarks exist in this case......Nor can we assent to a sweeping condemnation of attorneys as referees in any class of cases.”
IV. There is no pretense that the charges are exorbitant and excessive. The answer fails to show any such claim, and the opinion of the judge granting the order, “ I see nothing in the papers submitted to arouse suspicion of an exorbitant charge,” takes this case out of the pale of the decision of Martin v. Windsor Hotel Co., supra.
The order was clearly justified by section 1013 of the Code, and the discretion of the judge was wisely exercised, and will not be overruled unless it is palpable that a long account cannot be involved. Van Orden v. Tilden, 13 Daly, 396.
Turner, McClure & Solston, attorneys, and David McClure of counsel, for appellants, argued:—
I. The plaintiff is not entitled to a reference in this case, because there is in reality but one cause of action.. *252 In such cases the authorities are uniform in holding that a trial by jury should be ordered, unless both parties agree to a trial before a referee. Tracy y. Stearns, 61 How. 265, and cases cited. The demand of the plaintiff in this action may be established in two modes: (1) by calling competent witnesses to testify to the value of his services in gross, upon a statement of each particular service rendered; (2) by fixing special values upon particular items of service; but the fact that this latter mode of proof may be adopted does not change the demand into a long account within the meaning of the statute authorizing references of actions where the trial will involve the examination of a long account. Felt v. Tiffany, 11 Hun, 63; Brinkerhoff v. Republic Fire Ins. Co., 2 N. Y. 550.
II. Although the bill of particulars contains distinct items, it does not necessarily follow that an examination of a long account is involved. The principle of the following cases is applicable. Dickinson v. Mitchell, 19 Abb. 286; Dittenhoeffer v. Lewis, 5 Daly, 72; Merritt v. Virgilius, 28 Him, 421; Evans v. Kalbfleisch, 16 Abb. N. S. 13.
III. The court has refused to refer attorneys’ claims, except in extraordinary cases. Martin v. Windsor Hotel Co., 10 Hun, 330 ; Bradley v. Eager, 5 Weekly Digest, 330.
IV. The cases of Chalmers v. Appleton, 84 N. Y. 649, and Hossack v. Heyerdohl, 38 Super. Ct. 391, cited in the opinion of the court as authorities for the order in this case, are not controlling in this case. Neither of the actions were by attorneys. The rule governing actions in cases where attorneys are parties is different, as we have shown.
Per Curiam.
This action is brought to recover for legal services rendered by the plaintiff to an assignee in bankruptcy, and the plaintiff seeks to hold the appellant liable under an agreement by which the appellant *253 with others agreed to bear and pay pro rata in proportion to the amount of their respective claims, all such costs, charges and expenses as have been or may hereby be paid or incurred in and about the proceedings.
The courts havé referred actions of this character with much reluctance and only when it appeared that in consequence of the nature of the demand and of the proofs required to sustain it, it would be impracticable to try the case with a jury. A reference entails large additional expense on the defeated party and adds much to the burden and trouble of the proceedings. Litigants express much dissatisfaction at being compelled to have an attorney’s claim against them determined by a brother attorney, and it is clearly for the best interest of both the profession and the community to have disputes of this character settled by the verdict of a jury.
An examination of the bill of particulars in this action fails to convince us that a referee is necessary. The bill is mainly for services rendered in four suits or proceedings. It will be necessary to have expert testimony as to the value of the services rendered, and the value of all the services can be testified to by the witnesses, so that it will not be necessary to prove the value of the services rendered on each day as separate items. The amount of the disbursements is inconsiderable and we see no reason why the case cannot be satisfactorily tried with a jury.
The order appealed from should therefore be reversed with ten dollars costs and disbursements to abide the event of the action.